# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3676 | **DATE** | 2/14/2001 |
| **CASE TITLE** | Reavley, et al. vs. Toyota Motor Sales, et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 2/28/01 at 9:30A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]     Enter memorandum opinion and order. Resnick Acquisition Corp.'s motion for summary judgment is granted. Resnick's motion to dismiss is denied as moot. Toyota Motor Credit Corp. and Toyota Motor Sales US Corp.'s motions to dismiss are denied. Plaintiffs' motion for leave to file a memorandum in excess of 15 pages is granted. Plaintiffs' motion for entry of default judgment is denied. The time for service on the remaining defendants is extended to 3/15/01. Plaintiffs and trial counsel representing all remaining defendants are ordered to appear for status on 2/8/01 at 9:30am..

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | | 33 |
| ✓ | Docketing to mail notices. | FEB 1 4 2001 date docketed | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| JD | courtroom deputy's initials | FEB 1 5 2001 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

LOUIS REAVLEY and SHIRLEY
BAYLOCK,

        Plaintiffs,

        v.

TOYOTA MOTOR SALES US
CORPORATION, MANUFACTURER,
a California corporation, and its
Agent, MIDTOWN TOYOTA, LTD.,
and its GENERAL MANAGER FOR
MIDTOWN TOYOTA, LTD., as
JOHN DOE, acting on his Individual
Capacity, and its SALESMAN,
NELSON AYANLAJA, acting in his
Individual Capacity, EXTRA CARE
AGREEMENT ADMINISTRATOR,
and TOYOTA MOTOR CREDIT
CORPORATION, RIVER OAKS
TOYOTA CORPORATION, and its
SERVICE MANAGER, SYLVESTER
JACKSON, acting in his Individual
Capacity,

        Defendants.

Case No.     00 C 3676

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

     Louis Reavley and Shirley Baylock have brought suit against numerous parties, alleging

multiple violations of federal and state law. Three defendants have brought motions to dismiss, one

of which is a motion in the alternative for summary judgment. The motion for summary judgment

is granted. The motions to dismiss are denied. Plaintiffs have also brought a motion for entry of

default against certain defendants. This motion is denied.

## FACTS

On June 5, 1997, Louis Reavley and Shirley Baylock bought a black 1994 Toyota Camry XLE for $19,053.14. Plaintiffs purchased the Camry from Nelson Ayanlaja, a salesman at Midtown Toyota. They claim that Midtown represented that the Camry was like new, and it had a remarkably low 14,000 miles on the odometer. In December, 1999, the car broke down. The plaintiffs were advised by mechanics that the car was "no good" and would require a new engine. The plaintiffs purchased an extended warranty, but River Oaks Toyota, an authorized Toyota service center, declined to service the Camry under the warranty.

Plaintiffs, acting *pro se*, brought suit in June, 2000, alleging eight counts: violation of the Federal Odometer Act (I), violation of the State Odometer Act (II), violation of the Illinois Consumer Fraud Act (III), common law fraud (IV), breach of express warranty (V), violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (VI), breach of implied warranty of merchantability (VII), and breach of service contract (VIII). Counts I through VIII are asserted against Mid-Town Toyota, Ltd., Resnick Acquisition Corp. (which purchased Mid-Town Toyota after the Camry sale), Ayanlaja, the general manager of Mid-Town, and Toyota Motor Credit Corp. Counts V through VIII are also asserted against River Oaks Toyota Corp., Sylvester Jackson, a River Oaks service manager, Toyota Motor Sales U.S., and the Extra Care Agreement Administrator. Plaintiffs' Complaint also contains a Count IX, entitled "Liability of Toyota Motor Credit Corporation," which is asserted against Toyota Motor Credit Corp. only. It does not raise a separate cause of action but merely alleges that as the holder of the retail installment contract, Toyota Motor Credit Corp., assumed liability for all claims that plaintiffs may have against other Defendants.

Plaintiffs are seeking at least $800,000 in compensatory damages, in addition to at least $1,200,000 in punitive damages.

## DISCUSSION

Toyota Motor Credit Corp. and Toyota Motor Sales U.S. Corp. have brought motions to dismiss for failure to state a claim. FED. R. CIV. P. 12(b)(6). This Court will therefore accept as true the plaintiffs' well-pleaded allegations. *Albright v. Oliver*, 510 U.S. 266, 268 (1994). Dismissal at this stage of litigation is appropriate only if it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

Defendant Resnick Acquisition Corp. has brought a motion for summary judgment in the alternative to its motion to dismiss. Because I have previously allowed the parties to file affidavits, documents, and other materials, *see* Sept. 14, 2000 Order, and because the *pro se* plaintiffs have received notice on how to respond to a motion for summary judgment, Resnick's motion will be treated as a motion for summary judgment. Therefore, Resnick is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The plaintiffs are entitled to a review of the facts by this Court that draws every reasonable inference in their favor, *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986), but they "may not rest upon the mere allegations or denials of the adverse party's pleading, [rather they] must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).

**Resnick Acquisition Corp.**

Resnick Acquisition Corp. argues in its motion for summary judgment that plaintiffs have sued them in error. Resnick claims that it purchased the name Mid-Town Toyota and certain assets in September of 1998, more than one year after the plaintiffs bought their Camry from Mid-Town. The correct party, Resnick claims, is the Ludwig Family Corporation, f/k/a Mid-Town Chicago Motors, Ltd. Plaintiffs responded to Resnick's motion for summary judgment with voluminous documents, as well as their sworn affidavits, but their response leaves several facts undisputed, including: (1) Resnick purchased Mid-Town Toyota from Ludwig, (2) the contract for sale of Mid-Town Toyota provides that Ludwig remains liable for all of its debts, obligations and liabilities, (3) Ludwig continues to operate as Mid-Town Chicago Motors, Ltd., and (4) Resnick and Ludwig do not share corporate officers or management.

Resnick argues that failure to dispute these facts dooms plaintiffs claims against them. The Court agrees. Resnick asserts that it did not assume any of Ludwig's liabilities except those expressly named in the contract. *See* Resnick's Motion, Exhibit A, ¶ 8. It cites *Vernon v. Schuster*, 179 Ill. 2d 338, 344-45, 688 N.E.2d 1172, 1175 (1997), in which the Illinois Supreme Court stated the general rule that a "corporation that purchases the assets of another corporation is not liable for the debts or liabilities of the transferor corporation." *Id.* The rule has several exceptions designed to protect corporate creditors from owners seeking to unjustly shield assets from liability, including "(1) where there is an express or implied agreement of assumption; (2) where the transaction amounts to a consolidation or merger of the purchaser or seller corporation; (3) where the purchaser is merely a continuation of the seller; or (4) where the transaction is for the fraudulent purpose of escaping liability for the seller's obligations." *Id.* at 345, 688 N.E.2d at 1175-76 (citing *Steel Co. v.*

4

*Morgan Marshall Industries, Inc.*, 278 Ill. App. 3d 241, 248, 662 N.E.2d 595, 599 (1996)). Resnick claims that none of the exceptions apply in this case, as it did not agree to assume the predecessor corporation's liabilities; its purchase does not amount to a continuation, consolidation, or merger; and plaintiffs have not alleged that the purchase was a fraudulent attempt to escape liability.

In response, plaintiffs argue that Resnick is a continuation of Ludwig or that a de facto merger took place with the purchase of Mid-Town Toyota. Neither of these arguments is supported by any evidence. The test for continuation under Illinois law is whether the change in ownership is "a mere change in form without a significant change in substance." *Vernon*, 179 Ill. at 346, 688 N.E.2d at 1176. The focus of the test is "whether there is a continuation of the corporate entity of the seller - not whether there is a continuation of the seller's business operation." *Id.* (emphasis omitted). The test for a de facto merger under Illinois law is satisfied when all four of the following conditions are met: "(1) there is a continuity of the business enterprise between seller and buyer, including continuity of management, employees, location, and assets; (2) there is a continuity of shareholders, in that shareholders of the seller become shareholders of the buyer; (3) the seller ceases operations and dissolves as soon as possible after the transaction; and (4) the buyer assumes those liabilities and obligations necessary for the uninterrupted continuation of the seller's business." *Nguyen v. Johnson Machine & Press Corp.*, 104 Ill. App. 3d 1141, 1143, 433 N.E.2d 1104, 1106-07 (1982) (citing *People ex rel. Donahue v. Perkins & Will Architects, Inc.*, 90 Ill. App. 3d 349, 413 N.E.2d 29 (1980)).

Regardless of whether plaintiffs assert that Resnick is a continuation of Ludwig or a de facto merger, Illinois courts have "consistently required identity of ownership before imposing successor liability under either theory." *Nilsson v. Continental Machine Manufacturing Co.*, 251 Ill. App. 3d

415, 418, 621 N.E.2d 1032, 1038 (1993). Resnick purchased the name Mid-Town Toyota and certain assets from Ludwig in 1998. There is no identity of ownership. In their response brief, the plaintiffs make conclusory legal statements, such as asserting that "all elements have been proven and establish a de facto merger." Plaintiffs' Response ¶ 11. However, plaintiffs cite to no evidence in support of that conclusion.

Under Illinois law, the undisputed facts preclude imposing successor liability on Resnick for Ludwig's alleged wrongdoing. Resnick has established that it is entitled to summary judgment.

## Toyota Motor Credit Corp.

Toyota Motor Credit Corp. (TMCC) holds the note on the Toyota Camry. TMCC seeks to have plaintiffs' complaint dismissed because plaintiffs have not pleaded their fraud claims (Counts III, IV, & VI) with particularity. TMCC also argues that plaintiffs have undermined their other claims by not alleging intentional wrongdoing by TMCC. Furthermore, TMCC argues that plaintiffs' complaint against them under the "FTC Holder Rule" fails because plaintiffs are not seeking rescission.

Rule 9(b) requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). "This means the who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). TMCC argues that the plaintiffs have not met this burden, but the plaintiffs have alleged that on or about June 5, 1997, Nelson Ayanlaja, a salesman at Mid-Town Toyota, told them that the Camry was like new and represented to them in writing that the odometer reading of 14,000 was correct when it was not. Plaintiffs also attached as an exhibit to their complaint a copy of the odometer disclosure form. This is sufficient under Rule 9(b), as the

plaintiffs have pleaded facts that reveal "the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *General Electric Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997) (affirming a denial of a motion to dismiss under Rule 9(b)).

Plaintiffs assert in Count IX that TMCC is liable under the following clause:

> "Any holder of this consumer credit contract is subject to all claims and defenses which the debtor could assert against the seller of goods or services obtained pursuant hereto or with the proceeds hereof."

This clause is required by 16 C.F.R. § 433.2 and has been referred to as the FTC Holder Rule. As the holder of the note, TMCC is subject to all claims which the plaintiffs assert against Mid-Town Toyota and related defendants.[1]

TMCC argues that the plaintiffs cannot assert claims against them under the Rule because they are not expressly seeking rescission. This overstates the plaintiffs' burden. The regulation requires the insertion of contractual language that plainly seeks to preserve debtor's claims. The FTC's Statement of Basis and Purpose for the Rule provides that plaintiffs can press their claims against a note holder "where a seller's breach is so substantial that a court is persuaded that rescission and restitution are justified," 40 Fed. Reg. 53,524 (Nov. 18, 1975). Nowhere does the regulation require an express claim of rescission.

In similar cases, judges of this Court have declined to impose a rescission pleading requirement on a plaintiff asserting a claim under the FTC Holder Rule. In *Mount v. La Salle Bank*

---

[1] TMCC argues in its reply that plaintiffs' claims against TMCC are invalid, as they have not pleaded a theory of liability under the law of agency. Plaintiffs are not alleging claims against TMCC under an agency theory, so this argument is spurious.

*of Lake View*, 926 F. Supp. 759 (N.D. Ill. 1996), Judge Norgle denied a defendant's motion to dismiss where plaintiffs alleged TILA violations and state law fraud claims against an assignee under the FTC Holder Rule. Although the plaintiffs had not expressly pleaded a rescission claim, the court refused to accept an argument identical to the one that TMCC advances here. As required, the court in *La Salle* construed the pleadings liberally and held that by pleading liability under the FTC Holder Rule, the plaintiffs had put the defendants on notice that they could seek rescission under state law. *Id.* at 764-65. The court noted that the Illinois standard for rescission is whether "the matter, in respect to which the failure of performance occurs, is of such a nature and of such importance that the contract would not have been made without it." *Id.* (quoting *Felde v. Chrysler Credit Corp.*, 219 Ill. App. 3d 530, 539, 580 N.E.2d 191, 197 (1991)). Finding circumstances in the case that would support rescission under Illinois law, the court denied the motion to dismiss. In *Taylor v. Bob O'Connor Ford, Inc.*, 97 C 0720, 1998 WL 177689 (N.D. Ill. Apr. 13, 1998), Judge Gottschall did not require express claims for rescission as a prerequisite to pressing a claim under the FTC Holder Rule. In *Taylor*, plaintiffs brought suit on behalf of themselves and all others similarly situated, seeking recovery against a car dealership and others for fraudulently adding rust-proofing packages to car sales. Noting that there were "no allegations from which it could be inferred that the [plaintiffs] would not have agreed to buy the cars," the court granted the motion to dismiss. *Taylor* is an example of a case in which the circumstances did not justify rescission; that, not the lack of an express rescission claim, was the basis for granting the motion. *See also Gaddy v. Galarza Motor Sport L.T.D.*, 00 C 3893, 2000 WL 1364451 at *3 (N.D. Ill. Sept. 18, 2000) (denying motion to dismiss based on FTC holder liability); *Boggess v. Lewis Raines Motors, Inc.*, 20 F. Supp. 2d 979,

982 (S.D. W. Va. 1998) (denying bank's motion to dismiss Odometer Act claim under the FTC Holder Rule).

These decisions stand for the principle that liability under the FTC Holder Rule arises when the facts of the case support rescission, not just when plaintiffs have affirmatively sought rescission. In each case, the court has examined the facts to see if the alleged wrongdoing would have precluded the plaintiff from entering into the contract. In this case, the plaintiffs allege that they were sold a vehicle with 60,000 to 90,000 miles after the defendants misrepresented the mileage as 14,000. Because these facts, if proven, would give rise to a state law rescission claim, this Court finds that the plaintiffs have pleaded facts sufficient to state a claim under the FTC Holder Rule. TMCC's motion to dismiss is denied.

**Toyota Motor Sales U.S. Corp.**

Toyota Motor Sales U.S. Corp. moves to dismiss under Rule 12(b)(6), arguing that plaintiffs' complaint fails to comply with Rule 10(b). That Rule requires that "all averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings." Toyota Motor Sales asserts that "the paragraphs in the plaintiff's [sic] complaint are far from limited, the causes of action are commingled and incoherently set forth." It asserts that the plaintiffs' complaint is so difficult to understand that it "cannot reasonably be required to respond to the pleading."

This argument is without merit. The fact that this Court, TMCC, and Resnick have all been able to review, understand, and respond effectively to the plaintiffs' complaint undermines TMCC's argument. The plaintiffs' complaint, while not a model of succinct legal drafting, is certainly clear

enough for Toyota Motor Sales to have notice of the claims against it. The plaintiffs have numbered their paragraphs, limited their statements, and separated their theories of recovery into separate counts. Toyota Motor Sales cites no law in support of its argument, and this Court's review of relevant authorities shows that a dismissal would be highly inappropriate. "Courts in this district do not dismiss a claim for failure to comply with Rule 10(b) unless the complaint is not understandable and does not provide the defendant with fair notice of the claims against him." *Plohocki v. Chicago School Reform Board of Trustees*, 99 C 6710, 2000 WL 150748 (N.D. Ill. Feb. 4, 2000). Dismissal of a prolix complaint, no matter how "muddled," is disfavored. *See, e.g., Selep v. City of Chicago*, 842 F. Supp. 1068, 1070 (N.D. Ill. 1993); *Pryor v. Cajda*, 662 F. Supp. 1114, 1116 (N.D. Ill. 1987). Toyota Motor Sales may find it difficult to ascertain what Counts are directed against itself, but there is no requirement that each claim be stated separately as to each defendant. 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE, § 1324 (2d ed. 1990) (citing *McDougall v. Donovan*, 552 F. Supp. 1206, 1209 (N.D. Ill. 1982)). Toyota Motor Sales' motion to dismiss is denied.

**Plaintiff's Motion for Default**

Plaintiffs have moved for entry of default against River Oaks Toyota, Sylvester Jackson, and Nelson Ayanlaja. These motions are denied. When a party fails to return the waiver of service form, as these defendants did, the plaintiff must serve them in the manner provided by law and may under certain circumstances recover the cost of service. *See* FED. R. CIV. P. 4(d) & 4(*l*). Plaintiffs sent these defendants the complaint by certified mail, but that is not proper service under federal or Illinois law. *See* FED. R. CIV. P. 4(e); 735 ILCS 2-203 & 2-204. Rather, an adult other than the plaintiffs must actually deliver the summons and complaint to the registered agent or any officer or

managing agent of River Oaks, and in the case of the individuals must either deliver summons and complaint to the individuals personally or leave them with a person over 13 years old at the individuals' residence.

## CONCLUSION

For the reasons stated above, Resnick Acquisition Corp.'s motion for summary judgment [8-2] is granted. Resnick's motion to dismiss [8-1] is denied as moot. Toyota Motor Credit Corp. and Toyota Motor Sales US Corp.'s motions to dismiss [14-1, 15-1] are denied. Plaintiffs' motion for leave to file a memorandum in excess of 15 pages [29-1] is granted. Plaintiffs' motion for entry of default judgment [ - ] is denied. The time for service on the remaining defendants is extended to March 15, 2001. This case is set for a status hearing on February 28, 2001 at 9:00 a.m. Plaintiffs and trial counsel representing all remaining defendants are ordered to appear.

Dated: February 14, 2001

MATTHEW F. KENNELLY
United States District Judge